IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Courtney Pauling, | ) | |
| | ) | |
| Plaintiff, | ) | CA No. 6:05-1372-HMH-BHH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Greenville Transit Authority and | ) | |
| McDonald Transit Associates, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Courtney Pauling ("Pauling") alleges racial discrimination, hostile work environment (based on sexual harassment and race), and retaliation pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981; assault; breach of contract; and breach of contract accompanied by a fraudulent act.  Greenville Transit Authority ("GTA") moves for summary judgment.[2]  In her Report and Recommendation, United States Magistrate Judge Bruce H. Hendricks recommends granting summary judgment.  Pauling filed

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit it with instructions.  28 U.S.C. § 636(b)(1).

[2] The defendant McDonald Transit Associates, Inc. has joined GTA's motion as to Pauling's assault claim.  All other claims against McDonald Transit Associates, Inc. have been previously dismissed.

1

objections to the Report and Recommendation.  For the reasons stated below, the court adopts the Report and Recommendation of the Magistrate Judge and grants GTA summary judgment.

## I. FACTUAL BACKGROUND

Pauling is a 30-year-old black female who was employed by GTA as a part-time bus driver from April 8, 2003, until her voluntary resignation on March 31, 2005.  (Def.'s Mem. Supp. Summ. J. 2.)  GTA is a joint transit authority created in conformance with S.C. Code § 58-25-10, et seq. to provide public transportation in Greenville County, South Carolina.  (Def.'s Reply Supp. Summ. J. Ex. E (Ordinance 1).)  GTA is controlled by a governing board appointed by the Greenville City Council, the Greenville County Council, and the Greenville County Legislative Delegation.  (Id.)  Pursuant to a contractual agreement, McDonald Transit Associates, Inc. ("MTA") provides management services to GTA.  (Def.'s Mem. Supp. Summ. J. Ex. E (Tim Lett ("Lett") Aff. 1).)

Pauling alleges that she was physically threatened by her supervisor, Judy Dudley ("Dudley"), who is the general manager for GTA.  (Pl.'s Mem. Opp'n Summ. J. 10.)  Pauling also alleges that Dudley and Lett, a regional supervisor, made various discriminatory comments which created a hostile work environment.  (Id. 5-6.)  Further, Pauling alleges that she and other black employees were treated differently than similarly-situated white employees.  (Id. 6-7.)

## II. THE REPORT AND RECOMMENDATION

Magistrate Judge Hendricks recommends granting GTA's summary judgment motion for the following reasons:  (1) Pauling's allegations, if true, do not support a finding of a hostile work environment; (2) Pauling failed to respond to GTA's motion or proffer evidence as to her claims for race discrimination based on disparate treatment, hostile work environment based on

2

sexual harassment, retaliation, and violation of 42 U.S.C. § 1981, or as to her assault claim against MTA; (3) Pauling's breach of contract and breach of contract accompanied by a fraudulent act claims fail because GTA's Employee Handbook did not create a binding contract; and (4) the assault claim against GTA is barred by the exclusivity provisions of the South Carolina Worker's Compensation Act ("SCWCA"), S.C. Code § 42-1-10, et seq.

### III. OBJECTIONS

Objections to the Report must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Pauling objects to the Magistrate Judge's Report and Recommendation on the following grounds: (1) there is evidence from which a jury could reasonably determine that GTA discriminated against her on the basis of race, (2) there is evidence from which a jury could reasonably find that a hostile work environment existed, (3) there is evidence from which a jury could reasonably find retaliation by GTA based upon Pauling's claims of racial discrimination and (4) Pauling is not barred by the exclusivity provision of the SCWCA because Dudley should be considered the alter-ego of GTA. For the reasons set forth below, the court finds that Pauling's objections are without merit and adopts the Report and Recommendation of the Magistrate Judge.

3

## II. LEGAL DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in her favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

Moreover, "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). With respect to this burden, "it is the responsibility of the plaintiff, not the court, to identify with particularity the evidentiary facts existing in the record which can oppose the defendant's summary judgment motion." Malina v. Baltimore Gas & Elec. Co., 18 F. Supp. 2d 596, 604 (D. Md. 1998).

## B. Racial Discrimination

As the Magistrate Judge noted, Pauling did not argue her race discrimination claims based on disparate treatment in violation of Title VII and 42 U.S.C. § 1981. (Report and Recommendation 16.) Thus, the Magistrate Judge found that Pauling failed to employ either avenue available to overcome a summary judgment motion under Title VII or § 1981.[3] (Report and Recommendation 16). To overcome a motion for summary judgment on these claims, a plaintiff can provide either direct or circumstantial evidence that an impermissible factor such as race motivated the employer's adverse employment decision or "demonstrate[] that an employer's proffered permissible reason for taking an adverse employment action is actually a pretext for discrimination." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 318 (4th Cir. 2005); Hill v. Lockheed Martin Logistics Mgmt, Inc., 354 F.3d 277, 285 (4th Cir. 2004). Further, Magistrate Judge Hendricks found that GTA met its initial burden of demonstrating that there is no genuine issue of material fact regarding these claims. (Report and Recommendations 16.)

In her objections, Pauling failed to submit any evidence or arguments in support of these claims beyond the same general and conclusory allegations that were deemed insufficient by the Magistrate Judge. (Objections 6); see Dockins v. Benchmark Commc'ns, 176 F.3d 745, 748 (4th

---

[3] Title VII and section 1981 cases are analyzed under the same framework. Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e-2(a)(1) (2003). Section 1981(a) states, "All persons . . . shall have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a) (2003).

5

Cir. 1999) (holding that "unspecific and speculative opinions" are insufficient to raise a genuine issue of material fact). Therefore, because Pauling has failed to either argue or present evidence in support of her disparate treatment claims under Title VII and § 1981, these claims are dismissed.

### C. Hostile Work Environment

The Magistrate Judge found that Pauling failed to allege facts sufficient to support a claim of a hostile work environment. Pauling asserts that three comments made by Dudley and Lett created a hostile work environment. First, Pauling alleges that at an October 2003 company meeting, Dudley stated that "GTA is not responsible or worried about your families" in response to a question about new insurance rates. (Def.'s Mem. Supp. Summ. J. Ex. A (Pauling Depo. 34, 38, 39).) Second, Pauling alleges that at another company meeting in either late 2003 or early 2004, employees asked Dudley whether they would receive a pay raise. Pauling alleges that Dudley responded, "No, there is no money for you. We do not have money for you. GTA doesn't have the money to do this. It's not in the budget this year to do this and that" and then began laughing. (Id. Ex. A (Pauling Depo. at 35, 51).) Finally, Pauling asserts that she witnessed Lett tell a dispatcher that "I don't speak to these people" when the dispatcher asked him why he was not getting out of his car. (Id. Ex. A (Pauling Depo. at 37).)

To prevail on a hostile work environment claim, a plaintiff must demonstrate that a reasonable jury could find the alleged harassment "(1) unwelcome; (2) based on race; and (3) sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere." Spriggs v. Diamond Auto Glass, 242 F.3d 179, 183-84 (4th Cir. 2001). In

addition, Pauling must demonstrate that "there is some basis for imposing liability" on GTA. Id. at 184 (internal quotation marks omitted).

Even assuming Pauling's allegations are true, she has failed to put forth evidence sufficient to overcome a motion for summary judgment. First, Pauling has failed to demonstrate that the comments made by Lett and Dudley were motivated by race. Pauling has provided no evidence that either Dudley or Lett's comments were specifically directed to African-Americans. (Def.'s Mem. Supp. Summ. J. Ex. A (Pauling Depo. 34, 38, 51-52, 61).) Pauling relies on a Western District of New York decision for the assertion that Lett's reference to "these people" creates a question of fact for the jury. Davis v. Verizon Wireless, 389 F. Supp. 2d 458, 471 (W.D.N.Y. 2005). However, Davis is distinguishable from the facts in this case because the supervisor in Davis had also "allegedly used the racial epithet 'nigger' in the workplace on other occasions. " Id. at 471. There is no evidence that a similar context exists in this case from which a jury could find that either Dudley or Lett's comments were racially motivated.

Further, the Magistrate Judge found that even if it could be demonstrated that these comments were based on race, no reasonable jury could find that these remarks were so severe or pervasive that they altered the conditions of employment and created an abusive atmosphere. (Report and Recommendation 8-9.) Pauling does not specifically object to this finding, and the court agrees with the Magistrate Judge. See Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998) ("[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'") (internal citations omitted); Snell v. Suffolk County, 782 F.2d 1094, 1103 (2d Cir. 1986) ("To

establish a hostile atmosphere . . . plaintiffs must prove more than a few isolated incidents of racial enmity."). Therefore, Pauling's hostile work environment claim is dismissed.

### D.  Retaliation

In her objections, Pauling asserts that there is sufficient evidence to support her claim of retaliation by GTA based upon Pauling's claims of racial discrimination. (Objections 4.) Pauling appears to rely on the above statements by Lett and Dudley to support her retaliation claim. However, these statements are not evidence of unlawful retaliation, and Pauling makes no effort to tie the statements to the legal elements of her retaliation claim. See 42 U.S.C. § 2000e-3(a) (2003); Mackey v. Shalala, 360 F.3d 463, 469 (4th Cir. 2004). The court agrees with the Magistrate Judge that Pauling's unsupported, general assertion that a jury question exists regarding this claim is insufficient to overcome a motion for summary judgment. See Dockins, 176 F.3d at 748. Therefore, Pauling's claim for retaliation is dismissed.

### E.  Assault

Finally, Pauling claims that she was assaulted by Dudley, GTA's agent and general manager.[4] The Magistrate Judge found that while Pauling has created a genuine issue of fact regarding whether Dudley assaulted her, the exclusivity provisions of the SCWCA bar her claim

---

[4] The Magistrate Judge found that because Pauling made no argument or proffer of evidence regarding MTA's liability for assault, this claim should be dismissed. Pauling did not object to this finding. Therefore, the court adopts the Magistrate Judge's recommendation and dismisses this claim.

in this court.[5]  In her objections, Pauling asserts that the SCWCA does not bar her claim because Dudley should be considered the alter-ego of GTA.

"The South Carolina Worker's Compensation Statute provides the exclusive remedy for employees who sustain work related injury."  Dickert v. Metro. Life Ins. Co., 428 S.E.2d 700, 701 (S.C. 1993).  Assault by another employee falls within the coverage of the Act.  Id.  However, if the employee committing the assault is the "alter ego" of the employer, liability falls outside the Act.  Id.  "[O]nly dominant corporate owners and officers may constitute alter egos."  Id. (internal quotation marks omitted).  This definition of alter ego does not include "supervisory employees such as office manager."  Id.

In support of her argument that Dudley should be considered the alter-ego of GTA, Pauling asserts that "Dudley is the sole General Manager of GTA, may accept service on GTA's behalf, and is the only individual authorized to approve an employee's promotion within the company."  (Objections 8.)  Despite this argument, the court agrees with the Magistrate Judge that Pauling has failed to present evidence sufficient to support a finding that Dudley should be considered GTA's alter ego.

GTA is a public regional transportation authority created pursuant to S.C. Code § 58-25-10, et seq.  Pursuant to the statute, GTA is governed by a board.  See S.C. Code § 58-25-40 (West Supp. 2005).  This section gives GTA's board the power to elect officers as may be necessary to serve one-year terms.  Id.  As the Magistrate Judge points out, there is no evidence

---

[5] GTA filed a response to Pauling's objections asserting that Pauling has failed to carry her burden on her assault claim to overcome summary judgment.  Because the court finds that Pauling's claim for assault is barred by the exclusivity provisions of the SCWCA, the court need not address this issue.

that GTA's governing board ever elected Dudley as an officer. (Report and Recommendation 15.) Instead, the evidence indicates that Dudley is actually employed by MTA and is the manager of GTA via its contract with MTA for management services. (MTA's Mem. Supp. Mot. Summ. J. Ex. 3 (Dudley Aff. 1).)

Pauling argues that it is inaccurate to consider Dudley an employee of MTA because GTA's Board interviewed and selected Dudley to be the general manager, Dudley reported directly to GTA's Board, and MTA never directed Dudley in regard to decisions involving Pauling's employment with GTA. (Objections 7-8.) However, due to MTA's contract with GTA to provide management services, it would be entirely consistent for GTA to have oversight of Dudley even though MTA actually employed her. Furthermore, due to GTA's structure as defined by statute, it would be erroneous to consider Dudley a "dominant corporate owner or officer." Dickert, 428 S.E.2d at 701. As the Magistrate Judge noted, Pauling has presented no evidence to support a finding that Dudley was referred to as GTA's Chief Executive Officer. At most, Dudley's job was that of a supervisory employer or manager subject to the supervision of GTA's Board, which is clearly insufficient to bring Pauling's assault claim outside of the scope of the SCWCA. See id. Therefore, Pauling's claim for assault is dismissed. Based on the foregoing, the court adopts the Magistrate Judge's Report and Recommendation.

Therefore, it is

**ORDERED** that GTA's motion for summary judgment on all claims is granted. It is further

**ORDERED** that the assault claim against MTA is dismissed.

**IT IS SO ORDERED**.

                s/Henry M. Herlong, Jr.
                United States District Judge

Greenville, South Carolina
November 16, 2006